IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO.  3:07-CR-142-O-BK |
| | § | |
| TOMMY DALE DANIEL | § | |

## AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Upon remand from the United States Court of Appeals for the Fifth Circuit, Doc. 109, District Judge O'Connor referred this case for findings and recommendation on the issue of restitution.  Doc. 117.  On September 11, 2014, a hearing was held.  Defendant appeared in person and through counsel, Assistant Federal Public Defender Douglas Morris, and announced ready.  The Government appeared by and through Assistant United States Attorney Aisha Saleem, and likewise announced ready to proceed.

As the Court and the parties are well aware of the history of this case, the undersigned finds it unnecessary to recount the background here.  It suffices to state that the Court's order of restitution to victim L.S., contained in its *Judgment in a Criminal Case*, Doc. 85 at 4, was vacated and the case remanded "for proceedings consistent with the Supreme Court's opinion in *Paroline*."  Doc. 109 at 2.  Under *Paroline*,

> where it can be shown both that a defendant possessed a victim's images and that a victim has outstanding losses caused by the continuing traffic in those images but where it is impossible to trace a particular amount of those losses to the individual defendant by recourse to a more traditional causal inquiry, a court applying § 2259 should order restitution in an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses.

*Paroline v. United States*, --- U.S. ---, 134 S. Ct. 1710, 1727 (2014).  Although not providing a precise formula for the sentencing court's restitution calculation under such circumstances, the Supreme Court held that the sentencing court "must assess as best it can from available evidence

the significance of the individual defendant's conduct in light of the broader causal process that produced the victim's losses." *Paroline*, 134 S. Ct. at 1727-28. The court must use its "sound judgment and discretion" and considerations might include: "[1] the number of past criminal defendants found to have contributed to the victim's general losses; [2] reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses; [3] any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will, of course, never be caught or convicted); [4] whether the defendant reproduced or distributed images of the victim; [5] whether the defendant had any connection to the initial production of the images; [6] how many images of the victim the defendant possessed; and [7] other facts relevant to the defendant's relative causal role." *Id.* at 1728.

In consideration of these factors, the relevant pleadings, applicable law, and the parties' stipulations and arguments at the hearing, the Court makes the following findings of fact:

1. As part of his relevant offense conduct, Defendant possessed the images of victim L.S.
2. L.S. has approximately $1,841,400 in outstanding losses caused by the continued trafficking of those images.
3. It is impossible to trace a particular amount of L.S.'s losses to Defendant Daniel.
4. The number of past criminal defendants found to have been ordered to pay restitution for L.S.'s general losses is less than 200.
5. At the time that United States Probation wrote the Presentence Report in 2010, "Analysts at the National Center for Missing and Exploited Children" reported that the victim's image had been encountered "in over 5,000 evidence reviews submitted by law enforcement." Doc. 70-1 at 17.

6. It is not possible to reasonably predict the number of future offenders likely to be caught and convicted for crimes contributing to the L.S.'s general losses because the series containing her images have been and are still widely distributed.

7. Based on the information referenced above in number 5, the government and Defendant agree, and the Court finds, that the appropriate number of offenders to divide the loss amount by is 5,000.

8. There is no evidence that Defendant reproduced or distributed images of L.S., or that he had any connection to the initial production of the images.

9. Defendant possessed at least two images of L.S.

10. Restitution of $368.28, obtained by dividing the total amount of loss by the total number of criminal defendants found to have contributed to that loss (5000), comports with the defendant's relative role in the causal process that underlies the L.S.'s general losses.

11. Under the specific facts of this case, the method of calculation is sound, and is not the "rigid formula" proscribed in *Paroline*. *Paroline*, 134 S. Ct. at 1728.

12. Restitution in the amount of $368.28 is neither "severe" nor a "token or nominal amount." *See id.* at 1727.

Based on the forgoing, the Court finds that restitution to L.S. in the amount of $368.28 is reasonable under the facts of this case. Accordingly, it is recommended that pursuant to the mandatory Victims Restitution Act of 1996, Defendant be ordered to pay restitution in the in the

amount of $368.20, payable to the U.S. District Clerk, 1100 Commerce Street, 14 Floor, Dallas, Texas, 75242, and disbursed to:

> "L.S."
> Attn.: John Ratcliffe, Attorney for Minor Victim
> ASHCROFT SUTTON RATCLIFFE
> 1700 PACIFIC AVE, SUITE 3600
> DALLAS, TX 75201

**SO RECOMMENDED** on September 24, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

4